**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| CARLA HOLLAND,<br><br>　　　　　　　Plaintiff(s),<br><br>v.<br><br>NOVO NORDISK, INC. and NOVO NORDISK A/S,<br><br>　　　　　　　Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: 2:26-cv-5506 |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## <u>IDENTIFICATION OF PARTIES</u>

**<u>Plaintiff(s)</u>**

1.      Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s):  Carla Holland                                                    .

2.      If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim:                                                             ,

as                                          of the estate of                                          , deceased.

3.      If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s):                                                             .

4.      If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services:                                                             .

**<u>Defendant(s)</u>**

5.      Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

      X    Novo Nordisk Inc.

      X    Novo Nordisk A/S

     _____ Eli Lilly and Company

     _____ Lilly USA, LLC

     _____ other(s) (identify):

## **JURISDICTION AND VENUE**

6.     City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Lenoir, North Carolina

7.     State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

North Carolina

8.     State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

North Carolina

9.     City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Lenoir, North Carolina

10.     Jurisdiction is based on:

___X___  diversity of citizenship pursuant to 28 U.S.C. § 1332

_____  other (plead in sufficient detail as required by applicable rules):

_____

_____

11.     The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

United States District Court for the Western District of North Carolina

12.     Venue is proper in the District Court identified in Paragraph 11 because:

___X___  a substantial part of the events and omissions giving rise to Plaintiff(s)'
claims occurred there

3

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

## **PRODUCT USE**

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

    __X__    Ozempic (semaglutide)

    _____    Wegovy (semaglutide)

    _____    Rybelsus (oral semaglutide)

    _____    Victoza (liraglutide)

    _____    Saxenda (liraglutide)

    _____    Trulicity (dulaglutide)

    _____    Mounjaro (tirzepatide)

    _____    Zepbound (tirzepatide)

    _____    Other(s) (specify): _____

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

October 2020-June 2025

5

## INJURIES AND DAMAGES

16.    To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

   X   Gastroparesis

   X   Other gastro-intestinal injuries (specify) <u>Nausea, diarrhea, vomiting, abdominal pain</u>

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify) _____

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

_____ Additional/Other(s) (specify):_____

17.    Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

   December 2021

18.    In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

  __X__ Injury to self

  _____ Injury to person represented

  __X__ Economic loss

  _____ Wrongful death

  _____ Survivorship

  _____ Loss of services

  _____ Loss of consortium

  _____ other(s) (specify): _____

## CAUSES OF ACTION

19.    In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

_____    Count I:    Failure to Warn – Negligence

_____    Count II:    Failure to Warn – Strict Liability

__X__    Count III:    Breach of Express Warranty/Failure to Conform to Representations

__X__    Count IV:    Breach of Implied Warranty

_____    Count V:    Fraudulent Concealment/Fraud by Omission

_____    Count VI:    Fraudulent/Intentional Misrepresentation

_____    Count VII:    Negligent Misrepresentation/Marketing

_____    Count VIII: Strict Product Liability Misrepresentation/Marketing

_____    Count IX:    Innocent Misrepresentation/Marketing

_____    Count X:    Unfair Trade Practices/Consumer Protection (see below)

_____    Count XI:    Negligence

_____    Count XII:    Negligent Undertaking

__X__    Count XIII: State Product Liability Act (see below)

_____    Count XIV: Wrongful Death

_____    Count XV:  Loss of Consortium

_____    Count XVI: Survival Action

_____    Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

_____

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

      a.    Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

_____

_____

_____

      b.    Identify the factual allegations supporting those claims (by subsection, if applicable):

_____

_____

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21.    If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

  a.  Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

   N.C. Gen. Stat. §§ 99B-1 – 12.

  b.  Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

   Counts I, V-VII, IX, XI-XII; Failure to Warn-Negligence, Fraudulent Concealment/Fraud By Omission, Fraudulent/Intentional Misrepresentation, Negligent Misrepresentation; Innocent Misrepresentation/Marketing; Negligence; and Negligent Undertaking.

  c.  Identify the factual allegations supporting those claims:

   Plaintiff incorporates by reference the following factual allegations in the Master Complaint as though fully set forth herein: ¶¶ 606-640 (negligent failure to warn); ¶¶ 721-779 (fraudulent concealment/fraud by omission); ¶¶ 780-800 (fraudulent/intentional misrepresentation); ¶¶ 801-824 (negligent misrepresentation/marketing); ¶¶ 801-824 (negligent misrepresentation); ¶ 849 (innocent misrepresentation/marketing); ¶¶ 866-880 (negligence); and ¶¶ 881-903 (negligent undertaking).  Plaintiff also alleges that Defendants knew or should have known of the unreasonable and increased risk of the injury(s) alleged herein and otherwise failed to warn Plaintiff and/or Plaintiff's healthcare providers. Plaintiff alleges that Defendants fraudulently concealed and misrepresented the unreasonable and increased risk of the injury(s) alleged herein. Plaintiff alleges that Defendants directly and proximately caused Plaintiff's injury.

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims*

*with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22.     If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? <u>NA</u>.  If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.


Dated: August 4, 2026              RESPECTFULLY SUBMITTED,


                                   */s/ Sarah S. Ruane*
                                   Sarah S. Ruane (*Admitted Pro Hac Vice*)
                                   WAGSTAFF & CARTMELL LLP
                                   4740 Grand Ave., Ste 300
                                   Kansas City, MO 64112
                                   Tel: 816-701-1100
                                   Fax: 816-531-2372
                                   sruane@wcllp.com

                                   **Attorneys for Plaintiff**

11